# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60507
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2023

Lyle W. Cayce
Clerk

Zheng Liqin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 931 173

———————————————————

Before Barksdale, Elrod, and Haynes, *Circuit Judge*.

Per Curiam:[*]

Zheng Liqin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of an Immigration Judge (IJ) finding her not credible and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review for substantial evidence. *E.g.*, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, Liqin "must show that the evidence was so compelling that no reasonable factfinder could conclude against it". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). The IJ's ruling is reviewed only to the extent it affected the BIA's decision. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

In determining credibility, the IJ "may rely on any inconsistency or omission". *Singh*, 880 F.3d at 225 (citations omitted); 8 U.S.C. § 1158(b)(1)(B)(iii). If the IJ determines the "totality of the circumstances" requires an adverse credibility finding, our court will defer to that finding so long as it is "supported by specific and cogent reasons". *Singh*, 880 F.3d at 225 (citations omitted).

The BIA and IJ: identified multiple inconsistencies between Liqin's testimony and other record evidence; noted omissions in the evidence; and found aspects of Liqin's testimony implausible. Accordingly, the adverse credibility determination is supported by "specific and cogent reasons derived from the record". *Id.* (citations omitted). Liqin fails to show the evidence compels a contrary result. *See Carbajal-Gonzalez*, 38 F.3d at 197.

With the adverse credibility finding's being proper, the evidence, as a whole, does not compel a finding she was eligible for asylum, withholding of removal, or CAT relief because she failed to present sufficient additional evidence to corroborate her testimony, nor, for CAT relief, to demonstrate, *inter alia*, she would be tortured if removed. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763–70 (5th Cir. 2020) (where petitioner's testimony is incredible, failure to provide sufficient corroborating evidence may be "fatal to an alien's application for relief"); *Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir.

No. 22-60507

2002) (CAT relief requires applicant show, *inter alia*, "it is more likely than not" she would be tortured if removed (citation omitted)).

DENIED.